**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-00526-LTB

LINDA K. BAIN,

       Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.
_____

**ORDER**
_____

      This Social Security Disability appeal is before me on Defendant's Motion to Alter or Amend Judgment under FED. R. CIV. P. 59(e) and supporting Brief [**Docket ## 20, 21**], Plaintiff's Response [**Docket # 23**], and Defendant's Reply [**Docket # 25**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Defendant's Motion to Alter or Amend Judgment under FED. R. CIV. P. 59(e) [**Docket # 20**].

## I. BACKGROUND

      This case concerns an application for Social Security Disability benefits. Plaintiff claims she is disabled due to asthma, arthritis, and pain in her back, hips, legs, knees, and arms. Plaintiff's alleged onset date is January 1, 2002, and her date last insured is December 31, 2004. Following a July 11, 2007, hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on July 25, 2007. Plaintiff appealed from that decision and this Court reversed and remanded on January 13, 2009 [**Docket # 18**].

On remand, Defendant was instructed to weigh the July 11, 2007, opinion letter of Plaintiff's treating physician, Dr. Hughes, in light of the factors laid out in *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), and—to the extent Dr. Hughes's letter appeared inconsistent with his prior medical opinions—to make further inquiry as described in *Kirby v. Astrue*, 568 F. Supp. 2d 1225, 1236 (D. Colo. 2008). Defendant was also instructed to inquire of a vocational expert whether a person with Plaintiff's pain limitations—as determined by the ALJ—would be able to perform substantial gainful employment. Defendant now moves the Court to amend the January 13, 2009, Order, such that the remand with instructions is stricken and the ALJ's July 25, 2007, decision is affirmed.

## II. STANDARD OF REVIEW

Defendant files this motion under FED. R. CIV. P. 59(e). The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or when there is a need to correct clear error or prevent manifest injustice. *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997). A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. Am. Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991).

## III. ANALYSIS

Defendant presents no argument that there has been a change in law or that new evidence is available. Accordingly, to obtain the relief it seeks, Defendant must show clear error or manifest injustice in the January 13, 2009, Order. *See Mantle Ranches*, *supra*, 950 F. Supp. at 300.

A.  Whether it was Clear Error or Manifest Injustice for the Court to Find the Appeals Council Improperly Rejected Dr. Hughes's July 11, 2007, Opinion without Additional Inquiry

As noted in the January 13, 2009, Order, the ALJ applied the relevant factors—as described in *Watkins* and 20 C.F.R. § 404.1527 and 416.927—to Dr. Hughes's opinions predating the July 11, 2007, opinion and found the opinions "entitled to great weight." The Appeals Council, however, rejected the July 11, 2007, opinion of Dr. Hughes. The Appeals Council did not apply any of the steps required by *Watkins*. I found this was error.

Defendant argues the Appeals Council is not required to provide any analysis for its decision, and the Court should therefore not have required the Appeals Council to apply the *Watkins* factors. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006). *Martinez*, however, did not concern the issue raised in the appeal—namely, whether the Appeals Council had the authority to reject the report of a treating physician as "contradictory to an earlier report" without considering medical or other expert testimony. Instead, *Martinez* considered only whether the Appeals Council was required to provide a detailed analysis of its conclusion.

While *Martinez* holds that the Appeals Council need not provide a detailed analysis of its reasoning, this does not relieve the Appeals Council of its duty to undertake the required inquiry. Indeed, as Defendant notes in its reply brief [**Docket # 25**], *Martinez* relied on the fact that the

3

Appeals Council considered all of the "relevant evidence" when reaching its conclusion. It is clear from the Social Security Administration's own rules, as well as case law in this Circuit, that the "relevant evidence" an adjudicator must consider before rejecting the opinion of a treating physician—particularly one, like Dr. Hughes, whose opinion is entitled to "great weight"—consists of "a medically-based inquiry into 'what the clinical signs and laboratory findings signify.'" *See Kirby v. Astrue*, 568 F. Supp. 2d 1225, 1236–37 (D. Colo. 2008) (citing Soc. Sec. Ruling 96-2p, 1996 WL 374188 at *3; *Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004); *Shepherd v. Apfel*, 184 F.3d 1196, 1202 (10th Cir. 1999)). As there is no indication in the record that the Appeals Council in Plaintiff's case considered evidence that would constitute a "a medically-based inquiry into what the clinical signs and laboratory findings signify," it was error for the Appeals Council to reject Dr. Hughes's July 11, 2007, report.

B.  Whether it was Clear Error or Manifest Injustice for the Court to Find the ALJ Improperly Relied on the Testimony of the Vocational Expert

As noted in the January 13, 2009, Order, the ALJ determined Plaintiff had a history of back and extremity pain. Although the ALJ found Plaintiff's testimony regarding the "intensity, persistence and limiting effects" of her pain to be "not entirely credible," her history of painful "medically determinable impairments" was not disputed. Nonetheless, the ALJ did not inquire of the vocational expert whether a person with Plaintiff's pain limitations—as determined by the ALJ in accordance with Social Security rules and regulations—would be able to perform substantial gainful employment. I found this was error.

Defendant argues the ALJ was not required to make a specific inquiry of the vocational expert addressing Plaintiff's complaints of pain. The cases cited by Defendant—while they

4

provide some support for its position—do not show my decision on this question to be clear error. *See, e.g., Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (holding that, where the evidence established some level of limitation, "the ALJ's failure to include in his hypothetical inquiry to the vocational expert *any* limitation in this regard violated the established rule that such inquiries must include all (and only) those impairments borne out by the evidentiary record") (emphasis in original); *Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir. 1987) ("An ALJ's reliance on a vocational expert who was not asked to consider the pain alleged could be considered improper if the claimant's pain has been or should have been found to hinder his ability to perform a full range of the work in question"); *see also Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991); *Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987); *Velasquez v. Apfel*, 28 F. Supp. 2d 1285, 1287 (D. Colo. 1998).

Moreover, Defendant does not point to any clear instances of the ALJ inquiring of the vocational expert regarding Plaintiff's pain, but merely provides a *post hoc* analysis of ways in which the ALJ *might have indirectly* asked such questions. This is an insufficient basis upon which to grant relief under Rule 59(e). *See Gregg*, *supra*, 840 F. Supp. at 1401 (holding Rule 59(e) relief is appropriate only where the Court has made an error "not of reasoning but of apprehension").

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Alter or Amend Order under FED. R. CIV. P. 59(e) [**Docket # 20**] is DENIED.


Dated: February   24  , 2009.

                                                          BY THE COURT:


                                                           s/Lewis T. Babcock
                                                        LEWIS T. BABCOCK, JUDGE